UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                                    CRIMINAL NO. 2:94-cr-163-6

**TERRANCE GERARD JAMES,**

Defendant.

## MEMORANDUM ORDER

This matter comes before the court on remand from the Fourth Circuit concerning Defendant's "Motion for Resentencing in Light of Fair Sentencing Act of 2010 Retroactively Under the First Step Act" ("First Step Motion"). ECF Nos. 1208 (Appeal Judgment), 1110 (First Step Motion). The issue on remand is whether the sentencing package doctrine applies to Defendant's sentence, such that a further reduction is warranted beyond what was granted on July 10, 2020. See ECF Nos. 1137 (First Step Act Order), 1138 (Statement of Reasons). While the appeal of the court's decision on Defendant's First Step Motion was pending, the Fourth Circuit decided United States v. Richardson, 96 F.4th 659 (4th Cir. 2024), concerning the First Step Act and the sentencing package doctrine.

I.

Defendant, along with 20 other individuals, was charged in a multicount indictment on December 2, 1994. ECF No. 1. On February 3, 1995, Defendant pleaded guilty to Counts One, Three,

and Four of the indictment. ECF No. 187 (Plea Agreement). Count One charged Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), (iii). See ECF No. 1 at 3-30 (Indictment). Count Three charged Defendant with Murder on Behalf of a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). Id. at 32. Count Four charged Defendant with Use of a Firearm in Relation to a Drug Trafficking Crime or Crime of Violence, in violation of 18 U.S.C. § 924(c)(1). Id. at 33. On July 24, 1995, the court sentenced Defendant to 480 months of imprisonment on Count One; 480 months of imprisonment on Count Three, to run concurrently with Count One; and 60 months of imprisonment on Count Four, to run consecutively. ECF No. 433 (Judgment).

In 2010, the Fair Sentencing Act changed the weight thresholds triggering certain statutory penalties for cocaine base offenses under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii). Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In 2018, section 404(b) of the First Step Act gave retroactive effect to the Fair Sentencing Act. First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

On February 6, 2020, Defendant filed a motion seeking, inter alia, a reduced sentence pursuant to the First Step Act of 2018, due to the now-higher weight thresholds for cocaine base. ECF No.

2

1110.[1] On July 10, 2020, the court entered an Order finding that Defendant was eligible for relief under the First Step Act, on Count One only, and reduced his sentence on that Count from 480 months to 400 months. ECF No. 1137. The court found that Defendant was not eligible for relief on Counts Three or Four and that the court did not have authority to consider a sentence reduction on Count Three. ECF No. 1138 at 2.

Defendant appealed, arguing that the court could have reduced his sentence on Count Three under the sentencing package doctrine. See ECF No. 1207 at 2. While Defendant's appeal was pending, the Fourth Circuit decided United States v. Richardson, 96 F.4th 659 (4th Cir. 2024). In Richardson, the Fourth Circuit held "the district court has the discretion to reduce both covered and noncovered offenses under the First Step Act if they function as a package." Id. at 665. On May 16, 2024, the Fourth Circuit entered a per curiam opinion vacating the court's First Step Act Order, as "[t]he district court did not have the benefit of our decision in Richardson when it denied [Defendant] relief on Count 3." ECF No. 1207 at 3. Accordingly, the Fourth Circuit remanded

---

[1] Defendant also made a claim for relief challenging the continuing validity of his convictions and sentences on Counts Three and Four. The court interpreted this claim as a successive habeas corpus motion under 28 U.S.C. § 2255 and denied it in a separate order. ECF No. 1139. Defendant did not appeal the court's denial of his successive § 2255 Motion, and the habeas matter is not at issue here.

3

the case for further proceedings consistent with Richardson. Id. at 2-3.

On July 31, 2024, the court entered an Order directing the United States to file a response to Defendant's First Step Motion, in light of the Fourth Circuit's decision in Richardson. ECF No. 1210. On November 8, 2024, the United States filed its Response in Opposition. ECF No. 1213. Defendant replied on December 23, 2024. ECF No. 1218.

## II.

Generally, the court may not modify a term of imprisonment once it has been imposed unless a specific exception applies. 18 U.S.C. § 3582(c). The First Step Act of 2018 is one such exception. Under the First Step Act, the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Id. § 404(a). The appellate Court in Richardson held that district courts have discretion to "reduce both covered and noncovered offenses under the First Step Act if they function as a package." 96 F.4th at 665.

4

"[C]ourts are always obligated to consider nonfrivolous arguments presented by the parties . . . [concerning] intervening changes [in the law] when parties raise them." Concepcion v. United States, 597 U.S. 481, 487 (2022). However, "the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." Id. (emphasis added). "[It] is a longstanding tradition in American law, dating back to the dawn of the Republic, that a judge at sentencing considers the whole person before him or her 'as an individual.'" Id. at 486 (internal citation omitted). A judge enjoys "'wide discretion' . . . to craft appropriate sentences." Id. (internal citation omitted). Thus, after determining that a change in the law applies, the court then turns to the sentencing factors listed in 18 U.S.C. § 3553(a). See Richardson, 96 F.4th at 666 (citing United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) ("The ultimate question . . . is whether the sentence is 'sufficient, but not greater than necessary' in light of the factors identified in § 3553(a).")).

Furthermore, "[a] First Step Act proceeding is not a plenary resentencing" under Federal Rule of Criminal Procedure 43(a)(3). United States v. Webb, 5 F.4th 495, 498 (4th Cir. 2021); see Chavez-Meza v. United States, 585 U.S. 109, 119 (2018). In other words, defendants do not have the right to a full resentencing hearing under the First Step Act, as such proceedings constitute

5

sentence reductions. Fed. R. Crim. P. 43(a)(3), (b)(4); see Webb, 5 F.4th at 498.

### III.

Turning to the instant case, Sections 2 and 3 of the Fair Sentencing Act increased the weight thresholds triggering cocaine base statutory penalties under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii) (from 50 grams to 280 grams and 5 grams to 28 grams, respectively). Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Count One of Defendant's sentence, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), (iii), falls squarely within this change in the law.[2]

---

[2] On Count One, Defendant pleaded guilty to, and was convicted of, conspiracy to distribute both "crack" cocaine and powder cocaine, in violation of 21 U.S.C. § 846 (conspiracy). ECF Nos. 187 at 1 (Plea Agreement), 433 (Judgment). Specifically, the conspiracy involved distribution of fifty (50) grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(iii), and five (5) kilograms or more of powder cocaine, in violation of § 841(b)(1)(A)(ii). See ECF Nos. 187, 433. Distributing "crack" cocaine in violation 21 U.S.C. § 841(b)(1)(A)(iii) is a covered offense under the First Step Act, and the statutory penalty for this offense was modified. However, distributing powder cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii) is not a covered offense under the First Step Act, and this statutory penalty was not modified.

Of import, though, the Fourth Circuit has found that a conspiracy involving both crack and powder cocaine is nevertheless a covered offense under the First Step Act, if the crack offense falls under 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii); the latter provision is not at issue here. See United States v. Gravatt, 953 F.3d 258, 259, 262-63 (4th Cir. 2020) (emphasis added). This

Defendant argues that the First Step Act applies to his sentences on Counts One and Three. ECF No. 1110 at 4-5. The United States does not contest that Count One is a covered offense under the First Step Act, see ECF No. 1213 at 3-4, and the court so recognized in the Statement of Reasons regarding its First Step Act Order in 2020, when it reduced Defendant's sentence on Count One from 480 months to 400 months imprisonment, see ECF No. 1138 at 2. However, because Count One is a covered offense subject to the First Step Act, Defendant argues that the "sentencing package doctrine" permits the court to reduce his sentence on Count Three, as well as Count One. ECF No. 1110 at 4-5. The United States contests the application of the sentencing package doctrine to Defendant's sentences. See ECF No. 1213 at 3-4. Thus, the issue before the court is whether the sentencing package doctrine applies to Defendant's sentences on Counts One and Three.

When applying the sentencing package doctrine to the First Step Act, the court has discretion to reduce Defendant's entire packaged sentence, even if it contains a noncovered offense. Richardson, 96 F.4th at 665. The sentencing package doctrine

---

holding is true even though the defendant's statutory penalties may not change. Id. Moreover, the holding in Gravatt was not modified by the Supreme Court's ruling in Terry v. United States, which concerned only conspiracy offenses under a third category, convictions under 21 U.S.C. § 841(b)(1)(C) (unspecified amount of a schedule I or II drug). 593 U.S. 486 (2021). This third category is also not at issue here.

"recognizes the holistic approach district courts employ when fashioning a sentence and recognizes that sentencing on multiple counts is an 'inherently interrelated, interconnected, and holistic process.'" Id. (internal citations omitted). "A district judge is best suited to determine in the first instance whether she sentenced defendant's charges as a package." Id. For the reasons detailed below, the charges in Counts One and Three were not sentenced as a package by the court in the first instance.

Specifically, the court did not craft a disposition in which Defendant's sentences formed interdependent parts of an overall plan. See United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (citing United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999)). Instead, the court imposed Defendant's sentences independently, due to the significantly different offenses underlying Counts One and Three. Count One involves charges under 21 U.S.C. § 846 for Defendant's role as one of the main distributors and enforcers of a drug-trafficking conspiracy. ECF Nos. 1 at 3-30, 1117 ¶¶ 196-97 (Presentence Investigation Report ("PSR")). Under Count One, Defendant "distributed no less than 34 kilograms of 'crack' cocaine." PSR ¶ 197; see ECF No. 1 at 3-30. Meanwhile, Count Three for "Murder on Behalf of a Continuing Criminal Enterprise" resulted from a homicide committed by Defendant on February 26, 1992. ECF No. 1 at 32; see PSR at ¶ 196. On that day, Defendant "shot and killed Gregory Woodward in

8

retaliation for the murder of one of the organization's employees." ECF No. 1 at 32; see PSR ¶ 196.[3]

When deciding whether a sentence functioned as a package, the court considers the interconnectedness of each Count. See Richardson, 96 F.4th at 669; United States v. Allen, 2025 WL 259204, at *11 (Lauck, J.) (E.D. Va. Jan. 21, 2025). Here, the offenses in Counts One and Three were separate and distinct, and the court imposed discrete sentences that provided an independent punishment for each crime. PSR at 54-56 (Worksheet A), 57 (Worksheet B); see ECF No. 433 (Judgment). As the court stated in its prior First Step Act Order in 2020, "Count Three was not grouped with Count One at sentencing." ECF No. 1138. Neither sentence had any effect on the calculation of the other. As such, the sentencing package doctrine did not, and does not, apply to this matter, and the court will not disturb Defendant's sentence on Count Three.[4]

---

[3] The murder of Gregory Woodward went far above and beyond Defendant's role as a main drug distributer and enforcer for the drug conspiracy. See ECF No. 1 at 3-30, 32; PSR ¶ 196. Defendant's enforcement activities were violent and involved assault, kidnapping, and shooting of several individuals, including Joseph Justice, Kerry Lawrence, and Alvin Baker, who died; however, these enforcement activities generally occurred in group settings and at the direction of the leaders of the conspiracy, as opposed to the premeditated and retaliatory killing of Gregory Woodward, which Defendant undertook himself. See ECF No. 1 at 19-20, 22; PSR ¶¶ 196, 226-27.

[4] See infra Part IV.

## IV.

As the court previously found, Defendant is eligible for relief under the First Step Act on Count One. ECF No. 1138 at 3. While "Defendant's statutory range of 10 years to Life on Count One [did] not change, as the Indictment attributes the Defendant with well over 280 grams of cocaine base," as well as a powder cocaine offense, Defendant's Sentencing Guidelines range has changed. Id. Defendant's original Guidelines range was 360 months of imprisonment to Life, plus 60 months consecutive. Id.; ECF No. 1119 (First Step Act Worksheet). His revised Guidelines range is 324 to 405 months of imprisonment, plus 60 months consecutive. ECF Nos. 1119, 1138 at 3.

While the court had the authority to reduce Defendant's sentence on Count One, it was not required to do so. Concepcion, 597 U.S. at 487. When "a defendant is eligible for relief because he was convicted of a covered offense [under the First Step Act], the district court must analyze the 18 U.S.C. § 3553(a) factors to determine whether to exercise its discretion to reduce the defendant's sentence." United States v. Stevenson, 2022 WL 1238444, at *1 (4th Cir. Apr. 27, 2022).

The nature and circumstances of Defendant's offense were incredibly serious. See 18 U.S.C. § 3553(a)(1). Defendant was a main distributor and enforcer for a large-scale conspiracy distributing "crack" cocaine in the Eastern District of Virginia

and Philadelphia, Pennsylvania. ECF No. 1 at 3-30; PSR ¶ 196. Defendant's involvement with "no less than 34 kilograms of 'crack' cocaine" was overwhelming. PSR ¶ 197; ECF No. 1 at 3-30. Additionally, in 1992, Defendant shot and murdered an individual on behalf of a continuing criminal enterprise. ECF No. 1 at 32; PSR ¶ 196. This offense was violent and extreme, and undertaken by defendant himself with premeditation and intent,[5] and a lengthy sentence on Count Three was warranted, and remains so, apart from the sentence on Count One for drug distribution and numerous separate enforcement activities.

The court remains aware, as it was in 2020, that Defendant has "no history of disciplinary infractions," ECF No. 1213 at 4, and has participated in "numerous classes and maintained [prison] employment" while incarcerated, ECF Nos. 1218 at 2-3, 1138 at 3. These aspects of his incarceration are positive, but not dispositive. The sentence reduction on Count One and the sentence on Count Three align with the kinds of sentences available for the charges, the sentencing range established for these offenses, and the need to avoid unwarranted sentence disparities among similarly situated defendants. See 18 U.S.C. § 3553(a)(3), (a)(4), (a)(6). Additionally, the need to afford adequate deterrence and to protect the public from further crimes of Defendant is of particular

---

[5] See supra note 3 and accompanying text.

11

importance. Id. § 3353(a)(2)(B), (C). Having considered all the facts and circumstances of this case and the factors under 18 U.S.C. § 3553(a), the court **FINDS** that the modest sentence reduction on Count One remains appropriate, but that no such reduction is warranted on Count Three under the sentencing package doctrine or otherwise.

## V.

For the reasons stated above, the court concludes that the sentencing package doctrine does not apply to Defendant's sentences on Counts One and Three. The court does not disturb Defendant's sentence on Count Three. The modest sentence reduction on Count One of Defendant's sentence remains appropriate.

Accordingly, Defendant's First Step Motion, ECF No. 1110, is **GRANTED in part**, but **DENIED in part**. Defendant's sentence on Count One remains reduced from 480 months to 400 months of imprisonment; his sentence on Count Three remains 480 months of imprisonment, running concurrently with Count One; and his sentence on Count Four remains 60 months of imprisonment, running consecutively,[6] for a total term of imprisonment of five hundred forty (540) months. This sentence is "sufficient, but not greater than

---

[6] From 1994 to the present, 18 U.S.C. § 924(c)(1) has required the five (5) year mandatory minimum on Count Four to run consecutively to all other terms of imprisonment. 18 U.S.C. § 924(c)(1)(D)(ii); 18 U.S.C. § 924(c)(1)(A) (1994).

12

necessary," to meet the goals of sentencing. <u>See</u> 18 U.S.C. § 3553(a).

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the Defendant, the United States Attorney at Norfolk, the United States Probation Office at Norfolk, and the Bureau of Prisons.

**IT IS SO ORDERED.**

                                    /s/  
                              Rebecca Beach Smith  
                              Senior United States District Judge

                            REBECCA BEACH SMITH  
                     SENIOR UNITED STATES DISTRICT JUDGE

March 18, 2025